## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DURWOOD MILTON GWYN,

     Petitioner,

v.                                               CASE NO. 8:14-CV-1059-T-30MAP
                                          CRIM. CASE NO. 8:08-CR-331-T-30MAP

UNITED STATES OF AMERICA,

     Respondent.

_____/

### ORDER

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. 1).  A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases.  If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly dismissed without a response from the United States. 28 U.S.C. § 2255(b). Upon consideration of the § 2255 motion and the record, the Court concludes that the § 2255 motion must be dismissed as an unauthorized successive motion.

### BACKGROUND

Petitioner pleaded guilty to possession with the intent to distribute 5 grams or more of cocaine base, and distribution of cocaine base (CR Dkts. 18, 19, 21).  Petitioner was

sentenced to a 262-month term of imprisonment, to be followed by a 96-month term of

supervised release (CR Dkts. 20, 21).  Petitioner did not appeal his convictions and

sentences.  Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was

denied by this Court on July 15, 2010 (CR Dkt. 30); *see Gwyn v. United States*, Case No.

8:10-cv-395-T-30MAP (M.D. Fla. 2010).[1]

## DISCUSSION

Petitioner now returns to this Court, again seeking relief pursuant to his claim that

counsel was ineffective in failing to file a notice of appeal.[2]  "[A] second or successive [§

2255] motion must be certified as provided in section 2244 by a panel of the appropriate

court of appeals." 28 U.S.C. §2255(h).  *See also* 28 U.S.C. § 2244(b)(3)(A).  Because

Petitioner has previously sought collateral relief pursuant to § 2255, and he has not

demonstrated that he has obtained permission from the Eleventh Circuit Court of Appeals

to file a successive motion, this Court is without jurisdiction to entertain the instant

§ 2255 motion.  *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005).  This

case will therefore be dismissed without prejudice to allow Petitioner the opportunity to

seek said authorization.

---

[1]Petitioner's second and third requests for collateral relief were dismissed as second or successive
§ 2255 motions.  *See Gwyn v. United States*, Case Nos. 8:13-cv-2149-T-30MAP (M.D. Fla. 2013); 8:14-cv-754-T-
30MAP.

[2]Petitioner raised this claim in his three previous § 2255 motions.

ACCORDINGLY, it is **ORDERED** that:

1.  The motion to vacate, set aside, or correct an illegal sentence is **DISMISSED**, without prejudice, for lack of jurisdiction (CV Dkt. 1).  The **Clerk** is directed to terminate from pending status the § 2255 motion (CR Dkt. 44) filed in the corresponding criminal case number 8:08-CR-331-T-30MAP.

2.  The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

3.  The **Clerk** shall terminate any and all pending motions and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2).  To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  When a district court

dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  Because the instant    § 2255 motion is clearly a successive motion, Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 9, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to: Counsel of Record
                    Petitioner, *pro se*

4